BOLIN, Judge.
Plaintiff, a licensed real-estate saleslady, sued defendant, a real-estate broker, for one-half of $3210, the fee allegedly paid defendant by Mr. and Mrs. Kelly for the sale of commercial property owned by them located in the city of Shreveport, Louisiana. From judgment rejecting plaintiff’s demands she appeals.
We find the evidence in hopeless conflict but shall endeavor to state facts sufficient to a proper disposition of the case. The property in question had been listed with defendant by the Kellys for approximately one year prior to the sale which gave rise to the present litigation.
Plaintiff was working in defendant’s office under an oral contract which entitled *657 her to one-half of the fee for the sale of property for which she obtained the “prospect”. It is uncontradicted that Leahy, the ultimate purchaser of the property, first called the office while Mrs. Palmer was out and Mrs. Hayes answered the call and gave Leahy information about the property. Plaintiff also furnished maps and arranged for an option agreement while Mrs. Palmer was out of town. For these reasons plaintiff claims Leahy was her “prospect”.
Mrs. Palmer, on the other hand, contends that a Mr. Bassett had contacted her prior to the actual sale about purchasing the property; that she relayed this message to the Kellys; that while she was out of town a Mr. Bassett and Mr. Leahy went to view the Kellys’ property and ultimately a sale to Leahy was consummated. Mr. Bassett testified he had never contacted Mrs. Palmer and he was in no way instrumental in the purchase of the property by Leahy. Mrs. Palmer and Mr. and Mrs. Kelly testified to the contrary.
Although the district judge did not assign written reasons for his judgment, counsel for all parties concede he rejected plaintiff’s demands based on his conclusion she failed to prove her case by a reasonable preponderance of the evidence.
It is a fundamental rule of our law that a plaintiff is required to establish his claim to a legal certainty by a reasonable preponderance of the evidence. From our review of this record we would be compelled to engage in speculation to find plaintiff had proved her case.
Counsel for Mrs. Hayes has forcefully and ably presented plaintiff’s case both in oral argument and in brief before this court. It has been urged that plaintiff had come forward with evidence sufficient to shift the burden of proof to defendant. Citation of the numerous cases in Louisiana dealing with the burden of proof in civil cases is unnecessary. Often our courts, in deciding particular factual matters, have made pronouncements about the burden of proof shifting to defendant at a given stage of the-case. We feel it unnecessary to comment upon the numerous rules that have been laid down for different factual situations. Suffice it to say that in all cases the court must be convinced from a consideration of all the evidence that the plaintiff has proved his case, not beyond a reasonable doubt, but at least to the satisfaction of the court. The-trial judge who saw and heard all the witnesses apparently was not satisfied plaintiff had proved her case and we are of the same-opinion.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
Affirmed.